WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Merchants Bonding Company (Mutual),<br><br>                    Plaintiff,<br><br>v.<br><br>U.S. Prefab Incorporated, et al.,<br><br>                    Defendants. | No. CV-12-00501-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Merchants Bonding Company (Mutual)'s Motion to Dismiss Count II of the Complaint (Doc. 44) and Motion for Prejudgment Interest Calculation (Doc. 45). Defendants U.S. Prefab, Inc. and Harry O. Woody Object (Doc. 48) to both Motions and Plaintiff has filed a Reply (Docs. 49–50). The Court now rules on the Motions.

**I.    BACKGROUND**

Sometime in 2005, Defendant U.S. Prefab, Inc., an Arizona general contractor, and its President, Defendant Harry O. Woody ("Woody") approached Plaintiff Merchants Bonding Company (Mutual) seeking a construction bond. On September 9, 2005, Defendants executed a "General Application and Agreement of Indemnity with Merchants" (the "Contract"). Woody executed the Contract in both his official capacity as President of U.S. Prefab, Inc., and his personal capacity as a guarantor. The Contract obligated Defendants to reimburse and indemnify Plaintiff for liabilities and losses that Plaintiff incurs arising out of claims made against any bonds issued by Plaintiff on behalf of U.S. Prefab, Inc. In 2008, Plaintiff issued the relevant construction bond (the "Bond") on behalf of U.S. Prefab.

> At some point, two of U.S. Prefab, Inc.'s subcontractors asserted claims against the Bond. Plaintiff notified Defendants of the Bond claims, but Defendants neither paid the claims directly nor deposited sufficient funds or assets with Plaintiff to cover the claims as provided for in the Contract. Plaintiff settled the Bond claims by making payments totaling $149,525.02. On January 13, 2011, Plaintiff recovered an offsetting amount of $54,850.18 from a third party.
>
> On April 6, 2011, Plaintiff paid a fee of $150 to First American Title, presumably to verify the title to Woody's residence. Subsequently, Plaintiff executed a Deed of Trust and Assignment of Rents dated April 29, 2011 (the "Deed of Trust") against Woody's personal residence in the amount of $94,674.84.
>
> On October 31, 2011, Plaintiff's counsel sent Defendants a demand to repay Plaintiff $95,000.49 in relation to the Contract. Defendants refused and, on March 9, 2012, Plaintiff filed the instant suit alleging breach of contract and fraud.

(Order Granting Partial Summ. J., Doc. 40 at 1–2 (citations omitted)).[1] Plaintiff's suit sought $94,674.84 for reimbursement of payments made to settle Bond claims against Defendants, as well as other related damages including attorneys' fees. (*See* Doc. 1).

Litigation proceeded and, eventually, Plaintiff moved for partial summary judgment on Count I (breach of contract) of the Complaint. In the motion, Plaintiff argued that it had suffered losses of $105,211.40, including $94,674.84 for reimbursement of payments made to settle Bond claims against Defendants. (Doc. 40 at 4). "In Response, Defendants accept[ed] most of Plaintiff's proffered facts and conclusions, including that Defendant breached the Contract by failing to reimburse $94,674.84 to Plaintiffs." (*Id.*). The Court granted partial summary judgment on Count I with respect to the "$94,674.84 . . . , plus interest," that Plaintiff undisputedly remitted to third parties in order to settle Bond claims against Defendants. (*Id.* at 9).

Since the Court's partial-summary judgment Order, Plaintiff filed a Joint Notice Regarding Availability for Trial (Doc. 42) in which the Parties notified the Court "that a

---

[1] For purposes of the quoted summary judgment order, the Court construed all disputed facts in the light most favorable to Defendants. (Doc. 40 at 1 n.1).

- 2 -

trial will not be necessary" because Plaintiff "intends to dismiss, without prejudice, the remaining claim in this matter" (Count II, alleging fraud) (Doc. 42 at 1). Subsequently, Plaintiff filed the instant Motion to Dismiss Count II of the Complaint (Doc. 44), Motion for Prejudgment Interest Calculation (Doc. 45), and a proposed form of judgment (Doc. 46). Dissatisfied with Plaintiff's filings, Defendant raises objections to both the Motion to Dismiss and the Prejudgment Interest Calculation. (Doc. 48 at 1–3). The Court addresses each in turn.

## II.   MOTION TO DISMISS

Plaintiff has filed a Motion to Dismiss (Doc. 44) Count II (fraud) of Plaintiff's own Complaint without prejudice. In the Motion, Plaintiff represents that Defendants "have consented to this dismissal." (*Id.* at 1). Indeed, the Motion comes on the heels of a Joint Notice, signed by both Parties' attorneys, expressing that Plaintiff "intends to dismiss, *without* prejudice, [Count II]." (Doc. 42 at 1 (emphasis added)). Nonetheless, Defendants object to dismissal *without* prejudice and, instead, request the Court to dismiss Count II *with* prejudice. Defendants, however, provide no argument or reasoning to support a dismissal with prejudice in clear contradiction to the Joint Notice signed by Defendants' attorney.[2] Accordingly, the Court overrules Defendants' objection and grants Plaintiff's Motion to Dismiss Count II without prejudice.

## III.   PREJUDGMENT INTEREST CALCULATION

Plaintiff has filed a Motion for Prejudgment Interest Calculation. (Doc. 45). In the Motion, Plaintiff asserts that the Court "should calculate prejudgment interest at the rate of 10% per annum beginning on March 9, 2012, the date [Plaintiff] commenced this action." (Doc. 45 at 2). Defendants, however, object to both the interest rate and

---

[2] Defendants' Objection, in its entirety, states:

> Third, the Judgment that the Plaintiff lodged stated that Count [II] of the Complaint is dismissed without prejudice. The Defendants object that dismissal of Count [II] should not be without prejudice. Instead, the Judgment should provide that Count [II] of the Complaint is dismissed with prejudice.

(Doc. 48 at 3).

- 3 -

beginning date. (Doc. 48 at 1–2).

With regard to the interest rate, Defendants object that the $94,674.84 awarded to Plaintiff at summary judgment is an "unliquidated" rather than a "liquidated" sum. Under applicable Arizona law, prejudgment interest accrues at a rate of ten percent per annum for "any loan, indebtedness or other obligation." A.R.S. § 44-1201(A). Prejudgment interest on "any judgment," however, can accrue at a lower rate. A.R.S. § 44-1201(B). Because § 1201(A) applies to liquidated damages in a contract dispute while § 1201(B) applies to unliquidated damages,[3] the proper characterization of the $94,674.84 in damages is dispositive here.

"A claim is liquidated if the plaintiff provides a basis for precisely calculating the amounts owed." *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 96 P.3d 530, 542 ¶ 39 (Ariz. App. 2004). More specifically,

> [a] claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. Examples are claims upon promises to pay a fixed sum, claims for money had and received, *claims for money paid out*, and claims for goods or services to be paid for at an agreed rate.

*Id.* (quotation and citations omitted) (emphasis added). In contrast, an unliquidated claim is one "where the exact amount of the sum to be allowed cannot be definitely fixed from the facts proved, disputed or undisputed, but must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed." *Id.* at 342 ¶ 40.

Here, Defendants argue that because Plaintiff requested damages of $95,786.99 in the Complaint and $105,211.40 in the Motion for Summary Judgment, the $94,674.84 awarded by the Court was not a sum certain prior to the Court's Order. (Doc. 48 at 1–2).

---

[3] *L.M. White Contracting Co. v. St. Joseph Structural Steel Co.*, 488 P.2d 196, 201 (Ariz. App. 1971) (prejudgment interest accrues on liquidated contract claim pursuant to A.R.S. § 44–1201); *see, generally, State ex rel. Ariz. Structural Pest Control Comm'n v. Taylor*, 224 P.3d 983, 985–86 ¶¶ 6–9 (Ariz. App. 2010); *see also, Metzler v. BCI Coca-Cola Bottling Co. of L.A., Inc.*, --- P.3d ---, --- ¶¶ 11–15, 2014 WL 3377257, at * 2–3 (Ariz. July 11, 2014).

1  However, as the Court explained in its Order (Doc. 40 at 4), $94,674.84 represented the
2  sum of money Plaintiff had previously paid out to third parties in connection with the
3  Bond.[4] Thus, the Court finds that $94,674.84 was a sum certain and precisely calculable
4  on the basis of the evidence presented[5] and without reliance on opinion or discretion.
5  Consequently, the Court finds the sum "liquidated" and Plaintiff entitled to interest at a
6  rate of ten percent per annum. *See* A.R.S. § 44-1201(A).

7  With regard to the date interest began to accrue, Defendants object to the March 9,
8  2012 date solely "on the grounds that the monetary relief awarded was not a liquidated
9  sum prior to notice of the Court's decision." (Doc. 48 at 2). Defendants argument relies
10 on the Court determining that the $94,674.84 was "unliquidated," but the Court has not
11 made such a determination. Rather, the Court finds that the $94,674.84 was liquidated not
12 later than March 9, 2012 (the day Plaintiff filed the instant suit). Accordingly, the Court
13 overrules Defendants' objections and awards Plaintiff prejudgment interest on the award
14 of $94,674.84 at the rate of ten percent per annum and calculated from March 9, 2012.

15 **IV.    CONCLUSION**

16 For the foregoing reasons, the Court overrules Defendants' Objections (Doc. 48)
17 to Plaintiff's Motion to Dismiss and Motion for Prejudgment Interest Calculation.
18 Accordingly,

19 **IT IS ORDERED** that Plaintiff's Motion to Dismiss (Doc. 44) is GRANTED,
20 Count II of the Complaint is dismissed without prejudice.

21 **IT IS FURTHER ORDERED** that Plaintiff's Motion for Prejudgment Interest
22 Calculation (Doc. 45) is GRANTED.

23 **IT IS FURTHER ORDERED** that Judgment is entered on Count I of the
24 Complaint in favor of Merchants Bonding Company (Mutual) and against Defendants

---

[4] The Court also explained that Plaintiff's demands in in excess of $94,674.84 merely represent additional demands for attorneys' fees and other expenses. (Doc. 40 at 4).

[5] Indeed, at summary judgment, Defendants did not dispute that Plaintiff paid out $94,674.84 to third parties in connection with the Bond prior to initiating the instant suit. (*See* Doc. 40 at 2, 4).

U.S. Prefab, Inc. and Harry O. Woody, jointly and severally: (i) in the principal amount of $94,674.84; (ii) plus pre-judgment interest calculated at the rate of 10% per annum pursuant to A.R.S. § 44-1201(A) from the date of the filing of the Complaint, March 9, 2012 to the date of this Judgment, in the total amount of $22,618.44; (iii) plus post-judgment simple interest at the rate of 0.11% per annum pursuant to 28 U.S.C. § 1961(a) from the date of this Judgment until paid in full.

**IT IS FINALLY ORDERED** that, to the extent that Plaintiff requests attorneys' fees and costs, Plaintiff must file a Motion in compliance with the deadlines and format specified in LRCiv 54.2.

Dated this 28th day of July, 2014.

James A. Teilborg
Senior United States District Judge